[No. A039154. First Dist., Div. Four. June 23, 1988.]

SALVADOR ESPINOSA, Petitioner, v.
THE SUPERIOR COURT OF CONTRA COSTA COUNTY,
Respondent;
CITY OF PITTSBURG et al., Real Parties in Interest.

## COUNSEL

Gene Cain and Cain & Cain for Petitioner.

No appearance for Respondent.

Sellar, Hazard, Snyder, Kelly & Fitzgerald, James V. Fitzgerald, Stephanie Gray, Gibbons, Lees, Schaefer & Edrington and Dolores M. Donohoe for Real Parties in Interest.

## OPINION

**CHANNELL, J.**—Petitioner Salvador Espinosa's 1987 amendment to his 1984 complaint added an allegation that the City of Pittsburg, the real party in interest in this action, violated his federal civil rights. Respondent court sustained a demurrer to this amendment without leave to amend on the ground that the statute of limitations had run. Espinosa applied to this court for a writ of mandate. We find that the superior court properly sustained the demurrer, but should have given Espinosa leave to amend.

### I. FACTS

On May 7, 1983,[1] petitioner Salvador Espinosa was arrested by police from the City of Pittsburg (City). In his May 1984 complaint for damages, he alleged that four City police officers assaulted him without provocation on May 7, resulting in his false arrest and imprisonment. He also alleged that his initial booking photograph, evidence that would tend to establish his assault claim, was destroyed by one of the officers or their agents. Espinosa brought suit against the City, its police department, and four of its

---

[1] All dates refer to 1983, unless otherwise indicated.

officers for battery, false arrest, false imprisonment, and intentional destruction of evidence. He also alleged two causes of action for violation of his federal civil rights against the four officers, but not against the City or the police department.

On February 17, 1987, Espinosa filed an amendment to this complaint, alleging as a seventh cause of action a conspiracy to violate his civil rights.[2] (See 42 U.S.C. § 1983.) He realleged all the facts in his original complaint and added a new one—that on May 10, a City agent telephoned the father of Mark Davis, an alleged witness to the Espinosa beating. Davis's father was advised to remove his son from the Pittsburg area for his own safety. Davis was not available to testify at Espinosa's 1984 criminal trial, which resulted in a conviction for assault with a deadly weapon. Espinosa alleged that the witness intimidation was part of a continuing conspiracy amounting to active suppression of evidence.

The City and other defendants demurred to the amendment as barred by the statute of limitations. Respondent superior court sustained the demurrer without leave to amend. Espinosa petitioned this court for a writ of mandate, which we denied because he had a motion for reconsideration pending before the superior court. After the superior court denied this motion, Espinosa renewed his petition for relief to this court. We issued an alternative writ, which we later discharged as improvidently granted. However, the California Supreme Court granted Espinosa's petition for review and transferred the matter back to us. At the direction of that court, we issued a new alternative writ.

## II. Unclean Hands and Laches

■ Preliminarily, the City urges us to deny the petition on the grounds of unclean hands and laches. It contends that Espinosa was guilty of prejudicial delay in filing his motion to amend the complaint. The superior court appears to have granted Espinosa's motion to amend his complaint with the reservation that the City could demur on the same grounds on which they opposed the motion to amend. These grounds do not include prejudicial delay, which is not a ground for demurrer. (See Code Civ. Proc., § 430.10.) By granting the motion to amend, the superior court necessarily concluded that prejudicial delay was not a ground for denying the motion—if, in fact, this issue was raised at all. The City has not shown that the superior court abused its discretion by this decision. Neither has Espinosa delayed

---

[2] It is not clear whether the amendment alleges a cause of action against the City alone or against some or all of the officers as well. Four officers joined the City's demurrer to the seventh cause of action, which was sustained as to all defendants. These officers also join in opposing Espinosa's petition for writ of mandate. For convenience, we refer to "the City" alone as real party in interest.

bringing the present petition for relief after the demurrer was sustained. The City's contentions are meritless.

### III. STATUTE OF LIMITATIONS

■ Next, we clarify the correct limitations period applying to this action. Espinosa contends that the three-year statute of limitations applies to this section 1983 conspiracy cause of action. He claims that the February 1987 amendment was filed within three years of the conspirator's last act— the beginning of his criminal trial on June 18, 1984. ■ He is correct that the limitations period for a civil conspiracy does not begin to run until the last overt act pursuant to the conspiracy had been completed (*Wyatt* v. *Union Mortgage Co.* (1979) 24 Cal.3d 773, 786 [157 Cal.Rptr. 392, 598 P.2d 45]) and that it would not begin to run until 1984. However, we disagree about the length of that limitations period.

■ For more than 20 years, the limitations period governing causes of action brought under section 1983 of title 42 of the United States Code was the 3-year statute of limitations for an action based on a statutory liability. (*Cabrales* v. *County of Los Angeles* (C.D.Cal. 1986) 644 F.Supp. 1352, 1353; see Code Civ. Proc., §§ 335, 338, subd. 1.) On April 17, 1985, the United States Supreme Court held that *all* section 1983 actions are governed by state limitations periods for personal injury actions. (*Wilson* v. *Garcia* (1985) 471 U.S. 261, 275-276 [85 L.Ed.2d 254, 266-267, 105 S.Ct. 1938].) In California, a personal injury action must be filed within one year. (Code Civ. Proc., §§ 335, 340, subd. (3).)

Treating Espinosa's amendment as the filing of a new action, it accrued before *Wilson* was decided in April 1985, but was filed in February 1987, after that decision. (See part IV, *post*.) The retroactive application of *Wilson* has been the subject of much debate in federal courts (see *Parker* v. *Superior Court* (1985) 175 Cal.App.3d 1082, 1089 [223 Cal.Rptr. 292]) and we are reluctant to add another voice to the din. Assuming arguendo that we should not retroactively apply *Wilson* in this case, we do not automatically apply the previous three-year limitations period. When a court establishes a new statute of limitations that would bar a preaccrued claim, a plaintiff must be given a reasonable grace period within which to file suit on the claim. (*Texaco, Inc.* v. *Short* (1982) 454 U.S. 516, 527, fn. 21 [70 L.Ed.2d 738, 749, 102 S.Ct. 781]; *Cabrales* v. *County of Los Angeles, supra,* 644 F.Supp. at p. 1355.) This "reasonable grace period" is the *shorter* of two periods—three years from the date the cause of action accrued or one year after *Wilson* was decided—April 17, 1986. (*Id.,* at p. 1356.) As the amendment to the complaint was filed on February 17, 1987, more than a year after *Wilson* was decided, it was not timely.

## IV. DOCTRINE OF RELATION BACK

■ Espinosa also contends that the amendment relates back to the date of the complaint, and thus avoids the bar of the statute of limitations.

■ Under the doctrine of relation back, an amended complaint relates back to the filing date of the original complaint and avoids the bar of the statute of limitations so long as recovery is sought in both pleadings on the same general set of facts. (*Austin* v. *Massachusetts Bonding & Insurance Co.* (1961) 56 Cal.2d 596, 600 [15 Cal.Rptr. 817, 364 P.2d 681]; *Wennerholm* v. *Stanford Univ. Sch. of Med.* (1942) 20 Cal.2d 713, 718 [128 P.2d 522, 141 A.L.R. 1358]; *Rowland* v. *Superior Court* (1985) 171 Cal.App.3d 1214, 1216 [217 Cal.Rptr. 786]; see 5 Witkin, Cal. Procedure (3d ed. 1985) Pleading, § 1162, pp. 579-581.)

Two pleadings seek recovery based on the same general set of facts when the complaint and the amendment allege the same accident and the same injury. (*Smeltzley* v. *Nicholson Mfg. Co.* (1977) 18 Cal.3d 932, 934 [136 Cal.Rptr. 269, 559 P.2d 624, 85 A.L.R.3d 121]; *Coronet Manufacturing Co.* v. *Superior Court* (1979) 90 Cal.App.3d 342, 345 [153 Cal.Rptr. 366]; see *Andalon* v. *Superior Court* (1984) 162 Cal.App.3d 600, 615 [208 Cal.Rptr. 899].) For example, in one case, a man lost his leg after it got caught in a machine at his workplace. His original complaint alleged a cause of action against his employer and Doe defendants. The amended complaint, substituting the machine manufacturer for a Doe, related back to the filing date of the original complaint because both pleadings referred to the same accident (leg caught in machine) and the same injury (loss of leg). (*Smeltzley* v. *Nicholson Mfg. Co., supra,* 18 Cal.3d at pp. 934-935.) In another, a man was shot and killed by city police. His widow sued the police and the city for wrongful death in her original complaint. Her amended complaint, adding a cause of action against the city for negligently continuing to employ officers who were prone to use unnecessary force, related back to the filing date of the original complaint because both pleadings referred to the same accident (police shooting) and the same injury (loss of spouse). (*Grudt* v. *City of Los Angeles* (1970) 2 Cal.3d 575, 581-585 [86 Cal.Rptr. 465, 468 P.2d 825].)

The doctrine of relation back does not apply if both pleadings allege different accidents, even if both result in the same injury. In a recent case, a woman alleged in her original complaint against a physician and Doe defendants that she became sterile as a result of a drug her doctor prescribed. She sought to amend her complaint by adding a cause of action against the manufacturer of a birth control device, alleging that her sterility resulted from use of its product. The doctrine of relation back did not apply, because she alleged two different accidents (ingestion of drug, use of intrauterine device) resulting in the same injury (sterility). (*Barrington* v. *A. H. Robins Co.* (1985) 39 Cal.3d 146, 149-152 [216 Cal.Rptr. 405, 702 P.2d 563].) In a

libel action, plaintiffs brought suit against one alleged to have caused a libelous statement to be published in a Los Angeles newspaper. Later, they wanted to amend the complaint, restate the original allegations, and add that two days after the first incident the defendants made a similar statement that was published in another publication. The doctrine of relation back was held to be inapplicable, because the pleadings alleged two different accidents (utterance to Los Angeles newspaper, utterance to second publication), even though the same injury (harm to reputation) may have resulted from both. (*Wiener* v. *Superior Court* (1976) 58 Cal.App.3d 525, 527-529 [130 Cal.Rptr. 61].)

Some cases also discuss whether the pleadings refer to the same instrumentality. In one such case, a girl died of electrocution. Her parents brought their original action against a hair dryer manufacturer and Doe defendants, alleging that their daughter was electrocuted while using a defective hair dryer. In an amended complaint, they sought to substitute a manufacturer of a table lamp for a Doe defendant. This amended complaint alleged that the child was electrocuted while using the table lamp. Although the pleadings both alleged the same injury (loss of child), the doctrine of relation back did not apply, because the pleadings alleged different accidents (use of hair dryer, use of table lamp) and different instrumentalities (defective hair dryer, defective table lamp). (*Coronet Manufacturing Co.* v. *Superior Court, supra,* 90 Cal.App.3d at pp. 345-348.)

With the guidance of these cases, we find that the doctrine of relation back cannot be applied to Espinosa's amendment. The original complaint alleges events said to have occurred on May 7. The alleged accident was that Espinosa was beaten, arrested, and jailed, and that exculpatory evidence was destroyed. The instrumentality was the City's agents—the four named police officers and the unnamed booking officer—who allegedly beat Espinosa, arrested him, jailed him, and destroyed his booking photograph. The alleged injury was that Espinosa was assaulted, falsely arrested, and falsely imprisoned.

The amendment to Espinosa's complaint is based on the events of May 7 *and* May 10, when an agent of the City allegedly took steps to intimidate a witness to the May 7 incident.. The events of May 7 and May 10 do not involve the same accidents and injuries. If the amendment referred only to the events of May 7, it would relate back to the date of the original complaint. However, to the extent that it relates to events *after* May 7, the amendment refers to a different accident (witness intimidation), a different injury (his unjust conviction for assault with a deadly weapon), and perhaps a different instrumentality (unnamed City agent). Therefore, the cause of action does not relate back and is barred by the statute of limitations.

Our result is consistent with that of the seminal case on the doctrine of "relation back." In *Austin,* a surety was substituted into a case in place of a previously alleged Doe. (*Austin* v. *Massachusetts Bonding & Insurance Co., supra,* 56 Cal.2d at pp. 598-599.) As the original complaint and the amended complaint alleged "the same defalcations" by the initial defendants and "these defalcations constitute the grounds for the action on the bond added by the amended complaint," both pleadings were based on the same general set of facts (i.e., the same accident and the same injury) and the amendment related back to the date of the original complaint. (*Id.,* at p. 602.)

The superior court correctly sustained the demurrer to the seventh cause of action. However, Espinosa should be given an opportunity to plead a conspiracy cause of action without reference to the May 10 facts. As the challenged amendment was Espinosa's first attempt to state this cause of action, the superior court erred by not granting him leave to amend his complaint. (See *Grieves* v. *Superior Court* (1984) 157 Cal.App.3d 159, 168 [203 Cal.Rptr. 556]; *Postley* v. *Harvey* (1984) 153 Cal.App.3d 280, 287-288 [200 Cal.Rptr. 354]; see also 5 Witkin, Cal. Procedure, *supra,* § 943, pp. 378-379.)[3]

The petition is granted. Let a peremptory writ of mandate issue to the Superior Court of Contra Costa County directing that court to vacate its order sustaining without leave to amend the demurrer to the seventh cause of action in the first amendment to this complaint and thereafter make a new and different order sustaining the demurrer with leave to amend.

Anderson, P. J., concurred.

**POCHÉ, J.,** Dissenting.—In *Austin* v. *Massachusetts Bonding & Insurance Co.* (1961) 56 Cal.2d 596 [15 Cal.Rptr. 817, 364 P.2d 681], a unanimous opinion authored by Chief Justice Gibson, the California Supreme Court took pains to make clear that where an amendment to a complaint is filed after the statute of limitations has run "the amended complaint will be deemed filed as of the date of the original complaint *provided recovery is sought in both pleadings on the same general set of facts.*" (*Id.* at p. 600, italics added.) That sea change decision threw overboard cases that had set the standard variously as whether the amended pleading stated a new cause of action or a new legal theory or set forth a wholly different cause of action or a wholly different legal liability or obligation. The new simple-to-use same-general-set-of-facts standard was designed both to avoid the danger of narrow construction that other tests involved and to promote the policy of litigating cases on their merits. Nor was the Supreme Court bashful about

---

[3] In light of this conclusion, we reject the City's request for sanctions for a frivolous appeal.

what it was doing: it characterized the result as "the liberality of amendment permitted by the modern rule." (At p. 603.)

In the case at hand Mr. Espinosa in his original complaint alleged that on or about May 7, 1983, various police officers of the City of Pittsburg beat him up, arrested him, jailed him and then went about destroying evidence of their attack on him. The amended complaint adds that three days later— i.e., May 10, 1983—the defendants also intimidated a witness to the beating of May 7 so that the witness was unable to testify at Espinosa's trial for assault on the police officers. In other words, the destruction of evidence continued.

The majority holds that insofar as the amendment "relates to events *after* May 7" it is barred by the statute of limitations against all defendants. The announced reason is that the amendment refers to a different "accident," "injury," and "instrumentality." (Majority opn., *ante,* p. 415, italics in original.) I reject the majority's invitation to return to the thrilling and limiting tests of yesteryear. Accident, injury and instrumentality, whatever those terms may mean, suffer from the same vice that the Supreme Court in *Austin* saw in the tests they were repudiating, e.g., new cause of action, change of legal theory, a wholly different cause of action, or a wholly different legal theory or obligation. (*Id.* at pp. 600-601.) Our sole job here is to determine whether both pleadings arise out of the same general set of facts. Undeniably they do.

For this reason I would overrule the demurrer so that Mr. Espinosa can tell a jury not only about the beating and the destruction of evidence that are alleged in his original complaint to have occurred on May 7, but also about the events alleged to have taken place 72 hours or so later when the coverup and destruction of evidence continued in the form of intimidating a witness to the earlier events. To do otherwise perverts the plain meaning of the sole test given by the Supreme Court, runs absolutely counter to the policy of favoring litigation of cases on their merits and returns the system of justice to the hands of semanticists rather than juries, the position it held before *Austin.*