**Leon Howard HARRISON, Plaintiff,**

v.

**COUNTY OF ALAMEDA; Douglas R. Hollenberg; Occupational Health Services, Inc.; Dierdra Hyatt; and Dr. Gail Price, Defendants.**

**Lester STONE, Plaintiff,**

v.

**CITY AND COUNTY OF SAN FRANCISCO, et al., Defendants.**

**Nos. C–87–5111 MHP, C–87–4326 MHP.**

United States District Court, N.D. California.

July 18, 1989.

Lester Stone, San Francisco, Cal., pro se and Amitai Schwartz, San Francisco, Cal., for plaintiff.

Guy T. Saperstein, Farnsworth, Saperstein & Seligman, Oakland, Cal., for amicus curiae.

Jerry Langer, San Francisco, Cal., for Leon Howard Harrison.

Jeff Spellberg, David Kahn, and David Donner, Deputy City Attys., San Francisco, Cal., for City and County of San Francisco, et al.

Robert W. Johnson, Stuckey & Johnson, Oakland, Cal., for Alameda County.

OPINION

PATEL, District Judge.

The court consolidated these cases for hearing on the issue of which statute of limitations governs actions brought under

42 U.S.C. §§ 1981 and 1983 in the state of California following the Supreme Court decision in *Owens v. Okure,* — U.S. —, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). Having considered the submissions and arguments of the parties and amici, for the following reasons, the court finds that the one-year statute of limitation, California Code of Civil Procedure § 340(3), applies to actions under §§ 1981 and 1983.

The court today also issues separate orders in both cases which deal with other pending issues and motions. In *Stone,* the court finds that, absent equitable tolling, plaintiff's section 1983 claims are time-barred. In *Harrison,* the court finds that plaintiff's section 1981 and 1983 claims are untimely, and therefore denies leave to amend to add those claims.

BACKGROUND

A. *Stone v. City and County of San Francisco*

Plaintiff alleges that he suffered personal injuries while he was being arrested and booked by San Francisco police officers. He brings state tort claims as well as an action under 42 U.S.C. § 1983, asserting that his treatment violated his rights under the Fourth and Fourteenth Amendments. Plaintiff has recently obtained the services of an attorney in order to pursue this action.

It is undisputed that the incident date was March 22, 1985. On March 27, 1985, plaintiff filed a citizen's complaint with the San Francisco Office of Citizens' Complaints. He then retained an attorney who filed a claim against the City and County of San Francisco on May 29, 1985. The claim against the City was denied by the City Attorney's office on October 21, 1985. Plaintiff filed a pro per complaint on April 28, 1986 in San Francisco Superior Court. Defendants removed this action to federal court pursuant to 28 U.S.C. § 1441(b). Defendants move for dismissal on the ground that the statute of limitations bars plaintiff's claims.

B. *Harrison v. County of Alameda*

Plaintiff, a Black male, sued the County of Alameda and others alleging that he was not hired as a sheriff because of racial discrimination prohibited under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. This case comes before the court on the motions to dismiss of defendants Alameda County, Occupational Health Services, and Dr. Gail Price. Plaintiff originally filed this action as a pro per complaint, and has been unrepresented by counsel throughout much of the litigation. At the hearing on the statute of limitations issue, plaintiff was represented by counsel.

Mr. Harrison applied for the position of Alameda County Deputy Sheriff in July 1985. He passed the written qualifying test, the physical abilities test, and the oral board interview. In April 1986, Mr. Harrison took the written and oral components of a psychological evaluation required by California law. In July 1986, the County rejected Mr. Harrison's application on the ground that he had failed the psychological exam.

Defendant Occupational Health Services is an independent consulting firm retained by Alameda County to conduct psychological testing of job applicants. At all times relevant to this action, defendant Hyatt was employed by Occupational Health Services. Defendant Dr. Price, a psychologist employed by Occupational Health Services, interviewed Mr. Harrison and recommended that Mr. Harrison not be employed by Alameda County. Defendant Hollenberg was the personnel director for Alameda County.

On February 9, 1987, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). The EEOC notified plaintiff of his right to sue on August 18, 1987. On October 15, 1987, plaintiff filed a complaint naming Alameda County as the sole defendant and alleging a violation of Title VII. Plaintiff's first amended complaint was filed on July 25, 1988, again naming Alameda County as the only defendant. On September 26, 1988, plaintiff submitted a second amended complaint, naming for the first time additional defendants including Occupational Health Services and other individuals. On February 17, 1989, plaintiff

sought for the first time to add claims under 42 U.S.C. § 1981 against defendants Dr. Gail Price, Douglas Hollenberg, and Occupational Health Services, and under 42 U.S.C. § 1983 against defendant Hollenberg. Defendants contend that these claims are time-barred.

LEGAL STANDARD

Although defendants in *Stone* label their motion as one for summary judgment, the court treats it as a motion to dismiss at this preliminary stage of the litigation. Defendants in *Harrison* have likewise moved to dismiss, or to deny leave to amend to add section 1981 and 1983 claims. A motion to dismiss will be denied unless it appears that the plaintiff can prove no set of facts which would entitle him or her to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Fidelity Fin. Corp. v. Federal Home Loan Bank of San Francisco*, 792 F.2d 1432, 1435 (9th Cir.1986), *cert. denied*, 479 U.S. 1064, 107 S.Ct. 949, 93 L.Ed.2d 998 (1987). All material allegations in the complaint will be taken as true and construed in the light most favorable to the plaintiff. *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir.1986).

DISCUSSION

To determine the appropriate statute of limitations in the instant case, the court considers both the retroactive effect of *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), and the application of *Owens v. Okure*, —— U.S. ——, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). These issues will be discussed in turn.

A. *Retroactivity of "Wilson v. Garcia"*

*Wilson v. Garcia*, 471 U.S. 261, 275, 105 S.Ct. 1938, 1946, 85 L.Ed.2d 254 (1985), determined that federal courts must select in each state the most appropriate statute of limitations for claims brought under the Civil Rights Act, 42 U.S.C. § 1983. The Supreme Court held that state statutes of limitations for general personal injury actions should be applied to section 1983 actions. 471 U.S. at 276, 105 S.Ct. at 1947. Following *Wilson*, the Ninth Circuit and California courts held that the limitations

period in California was one year under California Code of Civil Procedure (CCP) § 340(3). *Usher v. City of Los Angeles*, 828 F.2d 556 (9th Cir.1987). Prior to *Wilson*, courts had determined that the limitations period for section 1983 actions was three years under CCP § 338(1). *Usher*, 828 F.2d at 558–59 (citing *Smith v. Cremins*, 308 F.2d 187 (9th Cir.1962)).

Thus, *Wilson v. Garcia* shortened the limitations period for section 1983 actions in California. *Usher*, 828 F.2d at 559. Concerned by the inequities a blanket application of *Wilson v. Garcia* might create, the Ninth Circuit has adopted a rule to deal with the retroactive application of *Wilson*. *Usher*, 828 F.2d at 560–61. The *Usher* court stated:

> [W]e hold that in states such as California, where the effect of *Wilson v. Garcia* is to shorten the limitation period for 42 U.S.C. § 1983 actions, the limitation period for causes of action arising prior to *Wilson* shall be either (1) the pre-*Wilson* period, commencing at the time the cause of action arises, or (2) the post-*Wilson* period, commencing with the *Wilson* decision, whichever expires first. Thus, in California, the applicable statute of limitations is either three years from the time the cause of action arises or one year from *Wilson*, depending on which period expires first.

*Id.* at 561. *See also Merritt v. County of Los Angeles*, 875 F.2d 765, 767 n. 1 (9th Cir.1989) (noting with approval *Usher* holding and stating that *Wilson v. Garcia* changed statute of limitations for section 1983 actions in California from three years to one year).

The cause of action in *Stone* arose on March 22, 1985. *Wilson v. Garcia* was issued on April 17, 1985. Under the logic of *Usher*, Mr. Stone's complaint would have been timely if it had been filed before April 17, 1986. However, the complaint was not filed until April 28, 1986. If the statute of limitations remains at one year, then plaintiff's section 1983 claims are barred. Since the cause of action in *Harrison* arose after *Wilson v. Garcia*, the retroactivity issue does not arise in that case.

## B. *Statutes of Limitations for Section 1983 Actions*

The court now turns to the issue of which statute of limitations governs sections 1981 and 1983 claims in California in light of the recent Supreme Court decision in *Owens v. Okure*, —— U.S. ——, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). Plaintiffs and amici contend that the appropriate statute of limitations is four years under California Code of Civil Procedure § 343; defendants assert that CCP § 340(3), the one-year limitations period, governs section 1983 claims.

### 1. Lessons of "Owens v. Okure"

As the Supreme Court noted, *Wilson* "has not completely eliminated the confusion over the appropriate limitations period for § 1983 claims." *Okure*, 109 S.Ct. at 577. Following *Wilson*, courts at times took conflicting approaches in selecting the appropriate statute where states had enacted multiple statutes of limitations for personal injury claims. *Id.*

In *Okure*, a unanimous Supreme Court ruled that where a state maintains "one or more statutes of limitations for certain enumerated intentional torts, and a residual statute for all other personal injury actions" the residual statute of limitations governs claims brought under section 1983. 109 S.Ct. at 574. The Court declared: "A rule endorsing the choice of the state statute of limitations for intentional torts would be manifestly inappropriate" for section 1983 claims, since many states enforce multiple statutes of limitation and civil rights litigants benefit from predictability and uniformity within a state. 109 S.Ct. at 578. As examples of such statutes, the *Okure* opinion cites six different statutes in California in footnote 8. *Id.* at 578–79 n. 8. One of the California statutes cited is at issue in the instant case, California Code of Civil Procedure § 340. *Id.* However, review of the Court's "nonexhaustive" list reveals a combination of statutes dealing with both intentional and negligence torts, and includes both general personal injury

and specific torts limitations periods. *Id.* Therefore, the court cannot conclude on the basis of *Okure*'s footnote 8 that the Supreme Court was intimating any view on the appropriateness of selecting CCP § 340 as the relevant statute of limitation for section 1983 and 1981 actions in California.[1] In contrast to the plethora of intentional torts statutes, "every State has only one general or residual statute of limitations governing personal injury actions." *Okure*, 109 S.Ct. at 580. As the Court explained, there are two types of residual statutes: 1) those statutes "appl[ying] to all personal injury actions with certain specific exceptions" and 2) those catchall statutes "appl[ying] to all actions not specifically provided for, including personal injury actions." *Id.* The New York statute found applicable in *Okure*, presumably belonging to the first category of residual statutes, covers "an[y] action to recover damages for a personal injury" with certain express exceptions. *Id.* at 575.

### 2. The One Year Statute of Limitations in California Code of Civil Procedure § 340(3)

Defendants assert that the applicable statute of limitation is found in CCP § 340(3), which establishes a one-year limitation period for actions including those:

> for libel, slander, assault, battery, false imprisonment, seduction of a person below the age of legal consent, or for injury to or for the death of one caused by the wrongful act or neglect of another. . . .

According to defendants, this provision creates a general personal injury statute of limitations, which under *Okure* should be applied to civil rights actions.

Defendants' interpretation is supported by existing authority both in the Ninth Circuit and in the state courts. In a case decided after *Okure*, the Ninth Circuit determined that the appropriate statute of limitations for section 1983 actions in Neva-

---

**1.** For example, footnote 8 in *Okure* includes Ala.Code § 6–2–38(h), (i), (k), (*l*), (Supp.1987) (two years for malicious prosecution, libel or slander, seduction, or any injury to the person, or rights of another not arising from contract and not specifically enumerated). 109 S.Ct. at 578 n. 8. The same statute is cited by the Court as an example of "a general provision which applies to all personal injury actions with certain specific exceptions." *Id.* at 580 & n. 9.

da was one establishing a two-year limitation for injuries to or for death of person caused by "wrongful act or neglect of another." *Perez v. Seevers,* 869 F.2d 425, 426 (9th Cir.1989) (quoting Nev.Rev.Stat. § 11.190(4)(e) (1987)). The *Perez* court reasoned that the phrase "wrongful act or neglect of another" covered "all personal injuries whether intentional or negligent and, in effect, is the residual statute of limitations for personal injury actions." *Id.* Moreover, the Ninth Circuit in *Perez* explicitly rejected the use of Nevada's catchall statute in the section 1983 context. *Id.* It requires no searching examination to see the striking similarity between the language of the Nevada statute and California Code of Civil Procedure § 340(3).

Other Ninth Circuit cases following *Okure* also provide guidance. In *Joshua v. Newell,* 871 F.2d 884, 886 (9th Cir.1989), the court found that the appropriate statute of limitations for section 1983 claims was Wash.Rev.Code § 4.16.080 which encompasses "any other injury to the person or rights of another not hereinafter enumerated." *Cooper v. Ashland,* 871 F.2d 104, 105 (9th Cir.1989), determined that the appropriate limitations period for section 1983 claims was Or.Rev.Stat. § 12.110(1), which includes actions involving "any injury to the person or rights of another, not arising on contract, and not especially enumerated in this chapter."

Furthermore, numerous Ninth Circuit cases decided after *Wilson v. Garcia* but before *Okure* determined that the appropriate limitations period for personal injury torts in California was one year, under CCP § 340(3). *See, e.g., Karim–Panahi v. Los Angeles Police Dep't,* 839 F.2d 621, 627 (9th Cir.1988) (section 1983 claims); *Usher v. City of Los Angeles,* 828 F.2d 556, 558 (9th Cir.1987) (same); *Gibson v. United States,* 781 F.2d 1334, 1338–39 (9th Cir. 1986), *cert. denied,* 479 U.S. 1054, 107 S.Ct. 928, 93 L.Ed.2d 979 (1987) (parties agreed that applicable statute of limitations was one year for section 1983 claims against individual city defendants). All these cases were decided before *Okure* and do not analyze the statutes in precisely the same terms as the Supreme Court; however,

they indicate that the Ninth Circuit has consistently viewed CCP § 340(3) as California's personal injury statute under the *Wilson v. Garcia* framework.

A recent Ninth Circuit case, *Merritt v. County of Los Angeles,* 875 F.2d 765, 767 n. 1 (9th Cir.1989), states that *Wilson v. Garcia* changed the statute of limitations for section 1983 actions in California from three years to one. Although the *Merritt* panel did not directly address the significance of *Okure* for the California limitations period, its silence may have implied that no change was effected.

That question was answered after oral argument in these cases when the Ninth Circuit affirmed its application of the one-year statute of limitation in California. *Del Percio v. Thornsley,* 877 F.2d 785, 786 (9th Cir. June 9, 1989). This time the circuit took cognizance of *Okure* and, with little discussion, reached the same result this court now reaches. This court writes to further inform the discussion particularly in view of the fact that a petition for rehearing in *Del Percio* has been filed. *See* Plaintiff's Supplemental Memorandum, filed June 14, 1989. For the reasons stated in this opinion, this court believes the Ninth Circuit has correctly decided the issue.

Decisions of the California courts also support this conclusion, as does the legislative history of CCP § 340(3). The original provision, enacted in 1872, applied to certain enumerated torts including libel, slander, assault, battery and false imprisonment. Cal.Civ.Proc.Code Ann. § 340, Historical Note (West 1982). At that time, actions to "recover damages for the death of one caused by the wrongful act of another" were encompassed in another statute, CCP § 339(4) (establishing a two-year limitation period). Cal.Civ.Pro.Code Ann. § 339, Historical Note (West 1982). Subsequently, CCP § 339(4) was amended to include negligence actions. *Id.*

In 1905, the state legislature eliminated CCP § 339(4) and added its language to CCP § 340(3). Cal.Civ.Proc.Code Ann. § 340, Historical Note (West 1982). Thus, the amendment brought within the ambit

of section 340(3) "an action for injury to or for the death of one caused by the wrongful act or neglect of another." *Id.* The court in *Rubino v. Utah Canning Co.,* 123 Cal.App.2d 18, 26, 266 P.2d 163 (1954) commented:

It seems apparent that the legislative intent behind subdivision 3, section 340, Code of Civil Procedure, was not to restrict its coverage to tort actions independent of any contractual relation, but to provide a limitation of one year where personal injury or death results, regardless of the tort, contract or breach of express or implied warranty aspect of the case.

*See id.* at 26–27, 266 P.2d 163 (holding section 340(3) applied to claims of personal injury and breach of warranty, arising from alleged illness after food consumption). *See also Rodibaugh v. Caterpillar Tractor Co.,* 225 Cal.App.2d 570, 572–573, 37 Cal.Rptr. 646 (1964) (noting with approval the *Rubino* holding, and finding that section 340(3) applied to action for damages for personal injuries allegedly suffered due to defective bulldozer). *But see McDowell v. Union Mut. Life Ins. Co.,* 404 F.Supp. 136, 144 (C.D.Cal.1975) (questioning validity of *Rubino* language with respect to cases sounding both in tort and in contract).

Since the Supreme Court decision in *Wilson v. Garcia,* California courts have routinely applied section 340(3) in the context of section 1983 civil rights actions. *See, e.g., Espinosa v. Superior Court,* 202 Cal. App.3d 409, 413, 248 Cal.Rptr. 375 (1988) (adopting one-year statute of limitation). Scholarly commentary further reinforces the conclusion that section 340(3) creates a general personal injury statute of the first type envisaged in *Okure.* Witkin notes: "C.C.P. 340(3) covers personal injuries of every kind, regardless of the nature of the wrongful act." 3 B. Witkin, *California Procedure (Actions)* § 404 (3d ed.1985)

(also listing numerous examples and noting specific statutory exceptions).

In opposition to defendants' assertion that section 340(3) creates the appropriate statute of limitations, plaintiffs and amici argue that the provision is not residual, that it does not cover all personal injury actions, and that its selection would not serve federal interests. For the first contention, plaintiff and amici seek to rely on the Supreme Court's admonition that general or residual statutes are "easily identifiable by language or application." *Okure,* 109 S.Ct. at 580. As the Court commented, "the very idea of a general or residual statute suggests that each State would have no more than one." *Id.* Both Ninth Circuit precedent and California cases suggest that CCP § 340(3) qualifies as such a statute. Moreover, plaintiffs' argument ignores the first type of residual statute discussed in *Okure,* a general injury statute with certain exceptions. 109 S.Ct. at 580. CCP § 340(3) is exactly such a statute.

Second, plaintiffs and amici cite cases that are clearly distinguishable from the instant case in their effort to show that section 340(3) does not cover all personal injury actions. For instance, *Eisenberg v. Insurance Co. of N. Am.,* 815 F.2d 1285, 1291–92 (9th Cir.1987), rejected the one-year statute of limitation for claims "analogous to breach of the covenant of good faith and fair dealing." The court there found that CCP § 339(1),[2] providing a two-year statute of limitation for actions upon an oral contract, applied rather than CCP § 340(3). *Id.* In *Eisenberg,* the court selected section 339(1) because the statute represented "a catch-all for unusual tort actions not otherwise provided for." *Id.* at 1292 (quoting 3 B. Witkin, *California Procedure (Actions),* § 468 (3d ed.1985)). The court concluded that the covenant of good faith and fair dealing was a judicially created "hybrid" which fell within the reach of section 339(1). *Id.*

---

**2.** Section 339(1) provides that a two-year statute of limitation applies to:

an action upon a contract, obligation or liability not founded upon an instrument [with certain exceptions] or an action founded upon

a contract, obligation or liability, evidenced by a certificate, or abstract or guaranty of title of real property, or by a policy of title insurance [subject to certain conditions]....

Significantly, *Eisenberg* does not discuss *Wilson v. Garcia,* since jurisdiction in *Eisenberg* was founded on diversity and not on a federal question. *See id.* at 1287. Even assuming arguendo that *Eisenberg's* holding could be applied in the context of a section 1981 or 1983 action, that case is by no means inconsistent with the conclusion that section 340(3) constitutes the general personal injury statute of limitations. *See id.* at 1292 (quoting Witkin for the proposition that section 340(3) applies to intentional or negligent injuries to person or reputation). Indeed, the catchall nature of section 339(1) is not created by broad or general language, but rather by the statute's inclusion of the rare tort actions which do not involve injury to person, reputation, or property, and which are not based on fraud or statutory liabilities. *See* 3 B. Witkin, *California Procedure (Actions),* § 468 (3d ed.1985) (discussing section. 339(1)). As Witkin notes, very few tort actions are covered by section 339(1): examples include intentional wrongs involving intangibles such as literary property, and negligent performance of professional services. *Id.*

Other cases cited by amici are similarly inapposite. *See McDowell v. Union Mut. Life Ins. Co.,* 404 F.Supp. 136, 145 (C.D. Cal.1975) (section 340(3) not applicable to bad faith contract claim, instead selecting section 337(1)); *Frazier v. Metropolitan Life Ins. Co.,* 169 Cal.App.3d 90, 102, 214 Cal.Rptr. 883 (1985) (same).

Third, plaintiffs and amici argue that a one-year limitation on section 1983 actions would conflict with the purposes of the civil rights statute. In *Okure,* the Court stated:

> Because we hold that the Court of Appeals correctly borrowed New York's 3–year general personal injury statute of limitations, we need not address Okure's argument that applying a 1–year limitations period to § 1983 actions would be inconsistent with federal interests.

109 S.Ct. at 582 n. 13 (citation omitted). Plaintiffs also cite the lower courts' opinions in *Okure* which observed that the three-year statute in New York better served federal interests in providing an effective civil rights remedy. *Id.* at 575. However, the Court in *Okure* established a rule to provide consistency and predictability, and did not contemplate an extensive inquiry into whether a state limitations period served the interests of civil rights litigants.[3]

Plaintiffs and amici seek to rely on *Wilson v. Garcia's* language identifying a three-step process under 42 U.S.C. § 1988 for determining the statute of limitation for civil rights claims. 471 U.S. at 267, 105 S.Ct. at 1942. This inquiry requires: 1) examining federal law to see if an appropriate rule of decision is supplied; 2) if no federal statute exists, looking at the statutes of the forum state; and 3) the application of state law if not in contravention of the Constitution and federal statutes. *Id.* (quoting *Burnett v. Grattan,* 468 U.S. 42, 47–48, 104 S.Ct. 2924, 2928–2929, 82 L.Ed.2d 36 (1984)). Plaintiffs and amici contend that the selection of a one-year statute of limitations in California would violate federal interests in civil rights enforcement.

Supreme Court precedent suggests otherwise. In 1983, the Court held that state tolling rules govern suits under section 1983 and do not offend any federal interests. *Chardon v. Fumero Soto,* 462 U.S. 650, 656, 662, 103 S.Ct. 2611, 2616, 2619, 77 L.Ed.2d 74 (1983) (relying upon *Board of Regents of Univ. of New York v. Tomanio,* 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980)). Although the Court in *Chardon* did not squarely address the issue of whether a one-year statute of limitations for civil rights suits offends federal interests, it allowed the lower courts to apply Puerto Rico's one-year time limitation. 462

---

**3.** The concurrence of then-Justice Rehnquist in *Burnett v. Grattan,* 468 U.S. 42, 104 S.Ct. 2924, 82 L.Ed.2d 36 (1984), cited in footnote 13 of *Okure,* does not assist plaintiff. First, Justice Rehnquist commented that a one-year limitations period was in fact reasonable. 468 U.S. at 61, 104 S.Ct. at 2935. Furthermore, dicta from

Justice Marshall's opinion for the Court regarding the importance of civil rights litigation does not bolster plaintiff's contention that the one-year statute is inappropriate in the instant case. *Grattan* was decided prior to the Supreme Court decisions in *Wilson v. Garcia* and *Okure.*

U.S. at 654, 103 S.Ct. at 2614. More recently, the Supreme Court reversed the Sixth Circuit Court of Appeals which had ruled that Michigan's law allowing tolling for prisoners was inconsistent with federal interests. *Hardin v. Straub*, —— U.S. ——, ——, 109 S.Ct. 1998, 2003, 104 L.Ed.2d 582 (1989). The Court in *Hardin* noted that by not enacting a federal statute of limitation for section 1983 actions, Congress gave states the power to balance the competing interests of prompt resolution of disputes and of providing a forum for valid claims. 109 S.Ct. at 2002 n. 10.[4] Accordingly, this court must give proper respect to the balancing undertaken by the California legislature. Moreover, plaintiffs' claim that a one-year statute of limitations is inimical to civil rights suits is contradicted by the provision of a one-year time bar in 42 U.S.C. § 1986.

*Reed v. United Transportation Union*, —— U.S. ——, 109 S.Ct. 621, 102 L.Ed.2d 665 (1989), cited by plaintiffs' counsel at the hearing, is also unavailing. In *Reed*, the Court held that claims brought by a union member under section 101(a)(2) of the Labor–Management Reporting and Disclosure Act of 1959 (LMRDA), 29 U.S.C. § 411(a)(2), should be governed by state general or residual personal injury statutes, rather than by the six-month statute of limitation provided for claims brought under section 8 of the National Labor Relations Act (NLRA), 29 U.S.C. § 158. 109 S.Ct. at 624–625 (discussing 29 U.S.C. § 160(b)). The Court reasoned that section 101(a)(2) of LMRDA, which protects union members' rights of free speech and assembly, could be more closely analogized to federal civil rights suits than to section 8 of the NLRA, which was designed largely to promote stable bargaining relationships and private dispute resolution. *Id.* at 626–630. Thus, the holding in *Reed* turned on the interpretation of Congressional purpose underlying the particular statute and has little relevance in the instant action. As

discussed below, the other cases cited by plaintiffs and amici do not show that any federal interests would be impinged upon by the application of section 340(3).

Thus, plaintiffs and amici fail to demonstrate that section 340(3) does not operate as a general personal injury statute of the first type envisaged in *Okure*.

### 3. The Four Year Statute of Limitations in California Code of Civil Procedure § 343

Plaintiffs and amici argue that the appropriate statute of limitations for section 1981 and 1983 actions in California is found in CCP § 343, which provides:

> An action for relief not hereinbefore provided for must be commenced within four years after the cause of action shall have accrued.

According to plaintiffs and amici, this statute acts as a general residual statute of the second catchall type described in *Okure*. While it is true that section 343 appears to be a general, catchall statute, the court must be guided by the teaching of *Okure:*

> Our decision today is fully consistent with *Wilson's* rejection of a state residual, or "catch-all," limitations provision as the appropriate one for § 1983 actions. (citation omitted). In *Wilson*, we rejected recourse to such provisions in the first instance, a position we continue to embrace. Courts should resort to residual statutes of limitations only where state law provides multiple statutes of limitations for personal injury actions and the residual one embraces, either explicitly or by judicial construction, unspecified personal injury actions.

109 S.Ct. at 582 n. 12. As discussed above, section 340(3) acts as a general personal injury statute, both in its language and its judicial construction. However, plaintiffs and amici seek to show that the catchall statute, section 343, must be chosen because it alone can encompass all personal injury actions.

---

**4.** In *Hardin*, the Court did state that section 1983's chief goals were compensation and deterrence. 109 S.Ct. at 2001. It is at least arguable that a one-year statute of limitation might tend to defeat those goals, but the same can be said

of any time limitation. Since plaintiffs and amici have made no showing that a one-year statute of limitation per se prevents satisfaction of section 1983's substantive goals, this court declines to draw such a sweeping conclusion.

This assertion rests heavily on the Ninth Circuit holding in *Marshall v. Kleppe,* 637 F.2d 1217, 1223 (9th Cir.1980), which held that CCP § 340(3) is "inapplicable to a constitutional cause of action." After debating whether the appropriate statute for plaintiff's civil rights claims was section 338(1), a three-year limitation, or section 343, the *Kleppe* court concluded that section 343 was the appropriate limitations period for constitutional claims. *Id.* at 1223–24. (relying upon analysis in *De Malherbe v. International Union of Elevator Constructors,* 449 F.Supp. 1335, 1339–43 (N.D.Cal.1978) (Renfrew, J.) (holding that three-year statute of limitations governed section 1983 claims in California and rejecting selection of CCP § 340(3)). In *Gibson v. United States,* 781 F.2d 1334, 1342 (9th Cir.1986), the Ninth Circuit relied on the *Kleppe* ruling in applying the four-year limitations period of CCP § 343 to *Bivens* actions against federal officials. However, the *Gibson* court noted: "The Supreme Court has yet to decide whether its reasoning in *Wilson v. Garcia* means that *Bivens* claims should also be analogized to state personal injury tort claims for limitations purposes." 781 F.2d at 1342 n. 5.

In the wake of *Wilson* and *Okure,* the authority of *Kleppe* and *Gibson's* holdings regarding constitutional claims is uncertain. In *Kleppe,* the Ninth Circuit reasoned that different limitation periods govern constitutional and statutory causes of action in California, even though that meant "sacrific[ing] uniformity of the limitations periods for direct constitutional causes of action and for section 1983 actions." 637 F.2d at 1224. Clearly, after *Wilson v. Garcia* and its amplification in *Okure,* the law will not tolerate inconsistent treatment of section 1981 and 1983 claims, whether the underlying cause of action is based on a federal statute or on the Constitution.[5]

Furthermore, judicial construction reveals that section 343 has been used only in connection with a small number of equitable actions. 3 B. Witkin, *California*

*Procedure (Actions),* § 465 (3d ed.1985). Witkin comments:

> [T]he expectation of broad coverage of the catch-all section [of CCP § 343] is quickly disappointed. The specific statutes of limitation with their classifications based on tort, contract, property, statutory liability, etc., cover virtually all actions at law and a great many equitable actions.

*Id.* (citation omitted). Thus, the four year catch-all statute has been applied to actions to enforce trusts, *Oeth v. Mason,* 247 Cal. App.2d 805, 811, 56 Cal.Rptr. 69 (1967), actions to cancel an instrument on grounds other than fraud or mistake, *Estate of Pieper,* 224 Cal.App.2d 670, 688, 37 Cal. Rptr. 46 (1964), and other equitable actions including an action to overturn a dissolution decree on grounds of mental incompetence, *Zastrow v. Zastrow,* 61 Cal.App.3d 710, 132 Cal.Rptr. 536 (1976).

The court therefore finds that the statute of limitations in California for actions under 42 U.S.C. §§ 1981 and 1983 is the one-year limit established by CCP § 340(3). This conclusion follows directly from *Okure* and follows existing Ninth Circuit and state court precedent. Moreover, such a ruling causes no prejudice to litigants, since the courts have routinely held that the one-year statute applies to section 1983 actions in California after *Wilson v. Garcia.*

CONCLUSION

The court finds that California Code of Civil Procedure § 340(3), providing a one year statute of limitations, governs claims brought under 42 U.S.C. §§ 1981 and 1983 in the state of California.

The disposition of pending motions are addressed in separate orders. The court finds that, absent equitable tolling, plaintiff's section 1983 claims are time-barred in *Stone v. City and County of San Francisco.* In *Harrison v. County of Alameda,* the court finds that plaintiff's section 1981 and 1983 claims are untimely, and there-

---

5. The question of the continuing vitality of *Gibson's* holding regarding *Bivens* actions is not before this court since defendants are alleged to

have been acting under the color of state law or as private actors.

fore denies leave to amend to add those claims.

IT IS SO ORDERED.