[Civ. No. 7716.   Fourth Dist.   Dec. 16, 1965.]

BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, Plaintiff and Respondent, v. CARL FRANCIS BAKER, Defendant and Appellant.

Carl Francis Baker, in pro. per., for Defendant and Appellant.

Samuel B. Stewart, Robert H. Fabian and James L. Williams, Jr., for Plaintiff and Respondent.

THE COURT.—The defendants in this action are Carl Francis Baker and his wife Oretta Mae Baker. Only Mr. Baker has appealed.

The plaintiff, Bank of America, filed a complaint for claim and delivery of personal property after the Bakers' alleged default on a promissory note secured by a chattel mortgage. The sheriff levied on the property. The Bakers' answer and counterclaims admitted the note, mortgage, and unpaid balance, but denied liability, asserting the bank had refused their tender of payment.

Before trial, the bank served the Bakers with a request for admissions (Code Civ. Proc., § 2033) ; the Bakers did not answer the request, although it was again brought to their attention at the pretrial conference.

When the case was called for trial, the court granted the bank's motion for judgment. This was based on the Bakers' failure to answer the request for admissions, resulting in no triable issues.

Mr. Baker contends that the trial court abused its discretion in granting the bank's motion for judgment, thus foreclosing him from presenting evidence at a trial in support of his defense and counterclaims.

Failure to answer the request for admissions is deemed an admission of the matters contained in the request. (Code Civ. Proc., § 2033, subd. (a).) The trial court properly exercised its discretion under section 2033, to set "at rest a triable issue so that it will not have to be tried" (*Cembrook* v. *Superior Court*, 56 Cal.2d 423, 429 [15 Cal.Rptr. 127, 364 P.2d 303] ; *Cembrook* v. *Sterling Drug, Inc.*, 231 Cal.App.2d 52, 62 [41 Cal.Rptr. 492].) The request for admissions specifically concerned the only remaining issues of a tender and its refusal and the right to possession; the effect of these issues being deemed admitted was to remove all issues raised by the pleadings.

Mr. Baker claims that his formal verified answer, in response to the complaint, constituted a response to the request for admissions. This is patently not so. The pleadings are not to be confused with the mechanisms for discovery, nor do they perform the same functions. The discovery statutes have meaning and purpose and are not to be flouted or ignored. Section 2033 permits an efficient and enforceable method of limiting the issues to be tried; the parties are thus relieved of the burden and expense of producing evidence on matters which should not be disputed, even though the pleadings are joined on these issues. (Cf., *Coyne* v. *Krempels*, 36 Cal.2d 257, 262-263 [223 P.2d 244] ; *Chodos* v. *Superior*

*Court,* 215 Cal.App.2d 318, 323-324 [30 Cal.Rptr. 303] ; Code Civ. Proc., § 2034, subd. (c).)

We have considered Mr. Baker's apparent contention that he was not afforded due process of equal access to the courts because he was not represented by counsel. There is no merit to his contention of hostility on the court's part. There were simply no issues left to be tried.

The judgment is affirmed.