[L.A. No. 31485. May 6, 1982.]

SHEPARD & MORGAN, Cross-complainant and Appellant, v. LEE & DANIEL, INC., Cross-defendant and Respondent.

COUNSEL

Murchison & Cumming, John A. McCaskey, Horvitz & Greines, Ellis J. Horvitz, Frederic D. Cohen and Michelle Van Cleave for Cross-complainant and Appellant.

Waters, McCluskey & Corcoran, Laurence R. Corcoran and Scott L. Thomas for Cross-defendant and Respondent.

OPINION

**RICHARDSON, J.**—A general contractor, when named as a defendant in a personal injury action which alleged job-site injuries to a construction carpenter, filed a cross-complaint charging a subcontractor with responsibility for plaintiff's injuries. The issue is whether answers made in defendant's responses to plaintiff's request for admissions regarding the cause of the accident are binding upon defendant contractor in its cross-action against the subcontractor. We conclude that, under the circumstances in this case, defendant's admissions to plaintiff are not binding in the cross-action. We further conclude that defendant was entitled to take seemingly inconsistent positions on the cause of plaintiff's injury by (1) defending plaintiff's action on the theory that no job-site hazards existed, but (2) prosecuting its cross-complaint on an alternative theory that any such hazard was caused by the cross-defendant subcontractor.

Plaintiff Terry Cole, a carpenter, was employed by R. M. Stowall (Stowall), a framing subcontractor. While securing wooden ceiling joists on a construction project in Los Angeles, plaintiff fell 20 feet to a concrete floor and was injured. Each joist was fitted into a strap-like hanger which, at two-foot intervals, had been welded to I-beams. When he fell, plaintiff had been standing with each foot on a 2-inch by 12-inch joist while nailing a spreader block between the joists.

As a result of the accident and resulting injuries, plaintiff sued both defendant general contractor, Shepard & Morgan (Shepard) and co-defendant manufacturer of the joists and hanger, Simpson Company (Simpson). Shepard in turn filed a cross-complaint for indemnity against Stowall, Simpson and the subcontractor who supplied the joists and hanger, Lee & Daniel, Inc. (Lee).

Prior to trial, plaintiff served Shepard with requests for admissions (Code Civ. Proc., § 2033), among which Shepard admitted without qualification: "That the defendant, Shepard & Morgan, *contends* that the subject joist and joist hanger did not constitute a hazard for plaintiff Terry Cole, who was performing his duties on November 2, 1973, at the job site in question." (Italics added.) Shortly thereafter, plaintiff settled his claim against Simpson for $5,000.

On the first day of trial of plaintiff's action against Shepard, the court granted plaintiff's motion *in limine* to prohibit the introduction of any evidence bearing on the hazardous or defective nature of the joists or hanger, based upon Shepard's foregoing admission. (Shepard's objection to the motion was denied as untimely.) The trial court then ruled that Shepard's admission to plaintiff as to the nonhazardous nature of the joist and joist hanger was also binding upon Shepard in its cross-complaint against Lee, and the court thereupon granted a judgment of nonsuit in Lee's favor on the cross-complaint.

Based on evidence of Shepard's failure to furnish adequate safety devices to guard against the "peculiar risk" of falling, the trial court directed a verdict in plaintiff's favor on the issue of Shepard's liability. The jury returned a verdict for plaintiff in the sum of $494,412. Shepard appealed both the judgment in plaintiff's favor on the complaint and the nonsuit awarded to Lee on the cross-complaint. During the pendency of this appeal, Shepard settled plaintiff's claim. Accordingly, the sole issue before us concerns the propriety of the nonsuit of Lee granted on the cross-complaint.

■ Was Shepard's admission to plaintiff in the defense of the complaint binding upon Shepard in its cross-complaint against Lee? Several considerations persuade us that it was not.

First, is the controlling statutory language. Section 2033, subdivision (c), of the Code of Civil Procedure provides that "Any admission made by a party pursuant to such request *is for the purpose of the pending action only* and neither constitutes an admission by the party for any other purpose nor may be used against the party *in any other action.*" (Italics added.) Although we have found no authorities which construe the foregoing limitation, the section specifically restricts the use of admissions, as emphasized, to "the pending action," as opposed to "any

other action." In prior cases, albeit in other contexts, we have deemed that a complaint and cross-complaint are *separate* actions. (*Bertero* v. *National General Corp.* (1974) 13 Cal.3d 43, 51-52 [118 Cal.Rptr. 184, 529 P.2d 608]; see *People* ex rel. *Dept. of Transportation* v. *Superior Court* (1980) 26 Cal.3d 744, 752 [163 Cal.Rptr. 585, 608 P.2d 673] [defendant's cross-complaint for equitable indemnity is "separate and distinct" from injured party's claim]; 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 990, at pp. 2571-2572 and cases therein cited.)

Second, it seems unfair and improper to hold that Shepard's response *to plaintiff* should bar further litigation against cross-defendant Lee. By its very terms, Shepard's response only admits to plaintiff its *contention* regarding causation. The response should not be construed as admitting any underlying *fact* common to both the complaint and cross-complaint. Shepard's "admission" that it was not asserting that any defect in the joists or hanger caused plaintiff's injury thus should be limited to Shepard's contentions vis-à-vis plaintiff. Plaintiff's request for admissions does not purport to discover or resolve any of Shepard's contentions or theories affecting its cross-complaint against Lee.

Third, no compelling reason exists for requiring Shepard to elect at its peril, and before trial, among possible alternative theories of causation. From a standpoint of sound tactics, Shepard properly might defend plaintiff's action by denying the existence of any special or peculiar risks or hazards at the job-site for which Shepard, as general contractor, might be held accountable, thereby putting plaintiff to his proof. (See *Aceves* v. *Regal Pale Brewing Co.* (1979) 24 Cal.3d 502, 508-509 [156 Cal.Rptr. 41, 595 P.2d 619] [peculiar risk doctrine].) Yet, on the possibility that some such hazard ultimately might be found to exist, Shepard should be permitted to reserve the option of seeking indemnity from third persons such as Lee on the theory that they were primarily responsible for creating those hazards. (See *American Motorcycle Assn.* v. *Superior Court* (1978) 20 Cal.3d 578, 607-608 [146 Cal.Rptr. 182, 578 P.2d 899] [equitable indemnity based on comparative fault].)

The foregoing reasoning is reinforced by our own prior cases which confirm that the plaintiff in a civil action cannot be forced to choose between two or more inconsistent causes of action. Instead, the *plaintiff* is entitled to introduce evidence upon all such causes and submit to the trier of fact the question as to which, if any, counts are sustained by the

proof. (*Grudt* v. *City of Los Angeles* (1970) 2 Cal.3d 575, 586 [86 Cal.Rptr. 465, 468 P.2d 825]; *Tanforan* v. *Tanforan* (1916) 173 Cal. 270, 274 [159 P. 709]; 3 Witkin, Cal. Procedure, *supra*, § 294, at p. 1968.) By similar reasoning and on principle, the *defendant* should not be forced to select one theory of defense at the risk of losing a right of indemnity from third persons.

Finally, it is clear that Shepard could have litigated its indemnity claim against Lee in a separate, independent action, rather than by cross-complaint. (See *E. L. White, Inc.* v. *City of Huntington Beach* (1978) 21 Cal.3d 497, 506 [146 Cal.Rptr. 614, 579 P.2d 505]; *Klemme* v. *Hoag Memorial Hospital Presbyterian* (1980) 103 Cal.App.3d 640, 644 [163 Cal.Rptr. 109].) Had Shepard filed such a separate action against Lee, Shepard's admissions could not have been used against it in that independent action. (Code Civ. Proc., § 2033, subd. (c).) Over-burdened courts gain nothing from a rule which would discourage the filing of cross-actions in favor of independent actions. Rather, as we noted in *E. L. White, Inc.*, 21 Cal.3d at page 506, the cross-action procedure represents a "more orderly and expeditious resolution of the controversy" in multiple party cases such as the one before us.

Lee contends, however, that to permit Shepard to disavow its admission to plaintiff would undermine the purpose of the admissions procedure which is to limit the triable issues and spare the parties the burden and expense of litigating undisputed issues. (See *Bank of America* v. *Baker* (1965) 238 Cal.App.2d 778, 779 [48 Cal.Rptr. 165].) Yet we find nothing in section 2033 or the authorities thereunder which suggests that a defendant, in responding to requests for admissions, must choose between potential alternative theories of defense or indemnity. Section 2033 seems designed to uncover undisputed factual issues, not to compel an election of defenses or remedies.

Lee's final contention is that, because evidence of any hazard arising from the joists or hanger was excluded by the trial court, plaintiff's judgment against Shepard necessarily could not have been based on such a hazard, thus absolving Lee from any liability on Shepard's cross-complaint. The point lacks merit. As we have indicated the trial court erred in granting nonsuit in Lee's favor and thereby precluding Shepard from introducing such evidence to the extent it bore upon Lee's duty to indemnify Shepard for Shepard's liability to plaintiff. *Plaintiff's* judgment, of course, was based solely upon evidence of *She-*

*pard's* conduct and does not foreclose Shepard from attempting to establish its indemnity claim based upon any evidence of Lee's negligence.

The judgment of nonsuit is reversed.

Bird, C. J., Mosk, J., Newman, J., Kaus, J., Broussard, J., and Reynoso, J., concurred.