[Civ. No. 69210. Second Dist., Div. Three. Mar. 20, 1984.]

JOHN A. POSTLEY et al., Cross-complainants and Appellants, v. LARRY HARVEY et al., Cross-defendants and Respondents.

**Counsel**

Bergmann, Cockriel & Forrester and Terence P. Carney for Cross-complainants and Appellants.

Paul, Hastings, Janofsky & Walker, David W. Steuber and Janet A. Neuharth for Cross-defendants and Respondents.

**Opinion**

**KLEIN, P. J.**—Cross-complainants and appellants John A. and Julia A. Postley (the Postleys) appeal from an order of dismissal of the indemnity

action in their cross-complaint as to cross-defendants and respondents Larry and Ruth Harvey (the Harveys).

We reverse because the statute of limitations in an indemnity action does not begin to run until liability is established in the original action, which has not as yet occurred herein, and because the Postleys' cross-complaint is amenable to amendment.

### PROCEDURAL AND FACTUAL BACKGROUND[1]

On or about August 24, 1979, plaintiffs Lucille and Fred Angel (the Angels) filed suit against the Postleys for damages, negligence, nuisance and punitive damages arising from an alleged mudslide occurring in March, 1978.

On October 16, 1979, the Postleys filed an answer to the complaint. Thereafter, inspection disclosed that the Postleys had themselves incurred property damage from the mudslide, so they in turn sought, and were granted, leave to file a cross-complaint on May 14, 1980, against the Angels for property damage.

Following a deposition taken of the Angels' expert wherein he opined that the ground feeding the slide area was on the Harveys' as well as the Postleys' property, the Postleys filed a first amended cross-complaint on September 3, 1982, for property damage, indemnity, contribution and declaratory relief, naming the Harveys.

On November 1, 1982, the Harveys filed a demurrer and a motion to strike. On December 16, 1982, the trial court sustained the Harveys' demurrer without leave to amend, and an order of dismissal was entered. This appeal followed.

### CONTENTIONS

The Postleys contend on appeal that they may maintain a cross-complaint for equitable indemnity and that the statute of limitations for filing such a cross-complaint had not run at the time of the Harveys' dismissal.

### DISCUSSION

■ 1. *An order of dismissal of a cross-complaint against a third party is a final judgment as to that party and is therefore appealable.*

Of a preliminary nature, we address the Harveys' contention that the Postleys' appeal from an order sustaining the demurrer without leave to

---

[1]The facts are gleaned from the pleadings and briefs on appeal.

amend is a nonappealable order. We are cognizant that an order sustaining a demurrer is not a final judgment and is not itself appealable (3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 843, p. 2448) and that this rule has been held applicable to an order sustaining a demurrer to a cross-complaint. (*People* ex rel. *Dept. Pub. Wks.* v. *Clausen* (1967) 248 Cal.App.2d 770, 776 [57 Cal.Rptr. 227].)

However, where the cross-complaint names new and different parties rather than parties identical to the original action, a dismissal is a final adverse adjudication of the cross-complainant's rights against a distinct party, and the dismissal order is an appealable judgment. (*Ibid.; Herrscher* v. *Herrscher* (1953) 41 Cal.2d 300, 303-304 [259 P.2d 901].)[2]

The Postleys added the Harveys as new parties to their cross-complaint, and therefore dismissal of their cross-complaint as to the Harveys is a final adverse adjudication of their rights against the Harveys and this order is an appealable judgment.

■ *2. The statute of limitation is not a bar to the indemnity cause of action.*

The Postleys contend that their cross-complaint for equitable indemnity against the Harveys is not barred by a statute of limitations. We agree.

In sustaining the demurrer without leave to amend, the trial court without further explanation stated "as per points and authorities of moving party." The Harveys stated two grounds in their demurrer to the Postleys' amended cross-complaint. First, the three-year statute of limitations under California Code of Civil Procedure section 338 had run as to the *negligence* counts. Second, the counts for indemnity and contribution failed to state a cause of action.

The Postleys are not appealing the sustaining of the demurrer without leave to amend as to the negligence counts, but only the indemnity claim, if the trial court's ruling with regard to the statute of limitations applied also to the indemnity count.

It is a generally recognized rule "that a claim for indemnity based on tort does not accrue, and the statute of limitations does not start to run thereon, at the time of the commission of the tort, or the time that injury was inflict-

---

[2]Although the Postleys stated they are appealing from the demurrer sustained without leave to amend, it is actually the order dismissing the Harveys that is the subject of the instant appeal.

ed, . . . The claim accrues at the time the indemnity claimant *suffers loss or damages, that is, at the time of payment of the underlying claim, payment of a judgment thereon, or payment of a settlement thereof by the party seeking indemnity.*" (Annot., When Statute of Limitations Commences to Run Against Claim for Contribution or Indemnity Based on Tort (1974) 57 A.L.R.3d 867, 882-884, italics added, fns. omitted.)

California has specifically recognized that a tort defendant's cause of action for equitable indemnity is separate and distinct from the injured party's claim (*People* ex rel. *Dept. of Transportation* v. *Superior Court* (1980) 26 Cal.3d 744, 752 [163 Cal.Rptr. 585, 608 P.2d 673].), and that an "indemnity action, unlike the plaintiff's claim, does not accrue for statute of limitations purposes when the original accident occurs, but instead accrues at the time that the tort defendant pays a judgment or settlement as to which he is entitled to indemnity." (*Id.,* at p. 748.)

Moreover, a tort defendant may file a cross-complaint against a third party when the defendant properly alleges entitlement to indemnity from such a party, should the plaintiff prevail on the original complaint. (*Id.,* at p. 759; *American Motorcycle Assn.* v. *Superior Court* (1978) 20 Cal.3d 578, 605 [146 Cal.Rptr. 182, 578 P.2d 899]; *Roylance* v. *Doelger* (1962) 57 Cal.2d 255, 259-260 [19 Cal.Rptr. 7, 638 P.2d 535]; as codified in Code Civ. Proc., § 428.10,[3] previously Code Civ. Proc., § 442.)

Further, a cross-complaint for equitable indemnity properly takes the form, as adopted by the Postleys here, of an action for declaratory relief. (*Valley Circle Estates* v. *VTN Consolidated, Inc.* (1983) 33 Cal.3d 604, 612 [189 Cal.Rptr. 871, 659 P.2d 1160].)[4]

---

[3]Code of Civil Procedure section 428.10 states in pertinent part: "A party against whom a cause of action has been asserted in a complaint or cross-complaint may file a cross-complaint setting forth either or both of the following: [¶] . . . . [¶] (b) Any cause of action he has against a person alleged to be liable thereon, whether or not such person is already a party to the action, if the cause of action asserted in his cross-complaint (1) arises out of the same transaction, occurrence, or series of transactions or occurrences as the cause brought against him or (2) asserts a claim, right, or interest in the property or controversy which is the subject of the cause brought against him."
All subsequent references to the Code of Civil Procedure will be by section number only.

[4]Section 1060 provides in pertinent part: "Any person . . . who desires a declaration of his rights or duties with respect to another, . . . may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an original action in the superior court or file a cross-complaint in a pending action in the superior, municipal or justice court for a declaration of his rights and duties . . . . He may ask for a declaration of rights or duties, either alone or with other relief; and the court may make a binding declaration of such rights or duties, whether or not further relief is or could be claimed at the time. The declaration may be either affirmative or negative in form and effect, and such declaration shall have the force of a final judgment. Such declaration may be had before there has been any breach of the obligation in respect to which said declaration is sought."

The fact that a defendant is permitted under a third party procedure to bring a declaratory cross-complaint or bring a cross-complaint for "partial" or "comparative" indemnity (on the original tort action) does not alter the general rule that the statute of limitations does not accrue until the defendant (here the Postleys) suffered loss through payment. (*People* ex rel. *Dept. of Transportation* v. *Superior Court, supra,* 26 Cal.3d at p. 759.)[5]

In the instant case, the Postleys had a right under section 428.10 to cross-complain for indemnity against the Harveys as an unnamed third party. The Supreme Court recently praised the practical advantages of indemnity actions brought by way of a cross-complaint as permitting a complete determination of the dispute among all the parties by consolidating related evidence and matters of proof in a single judicial proceeding. (*Valley Circle Estates* v. *VTN Consolidated, Inc., supra,* 33 Cal.3d at p. 614.)

Although the Harveys have been dismissed from the cross-complaint, the original lawsuit between the Angels and the Postleys has not been resolved.[6] Therefore, the statute of limitations has not yet started to run as to the Postleys' indemnity action in the cross-complaint, as they have not yet suffered loss through any payment to the Angels.

3. *The Postleys should be allowed to amend their indemnity count.*

The Postleys also complain that the trial court abused its discretion in sustaining the demurrer without leave to amend as to the indemnity cause of action in the cross-complaint.[7]

The function of a demurrer is to test the sufficiency of a plaintiff's pleading by raising questions of law. (*Buford* v. *State of California* (1980) 104 Cal.App.3d 811, 818 [164 Cal.Rptr. 264].)

---

[5]The court recognizes that in response to *People* ex rel. *Dept. of Transportation* v. *Superior Court, supra,* 26 Cal.3d 744, the Legislature in 1981 amended Government Code section 901 (*dealing with claims against public entities only*), adding the following sentence: "However, the date upon which a cause of action for equitable indemnity or partial equitable indemnity accrues shall be the date upon which a defendant is served with the complaint giving rise to the defendant's claim for equitable indemnity or partial equitable indemnity against the public entity." (See, e.g., *State of California* v. *Superior Court* (1983) 143 Cal.App.3d 754 [192 Cal.Rptr. 198].)

[6]Under Evidence Code section 459, as a reviewing court, we take judicial notice that there has been no judgment in the original action between the Angels and the Postleys, No. C 296 022; hence, no liability as to the Postleys has been established.

[7]The obligation of indemnity may arise from either of two general sources. First, it may arise by contractual language establishing a duty of one party to save another harmless upon occurrence of specified circumstances. (*E. L. White, Inc.* v. *City of Huntington Beach* (1978) 21 Cal.3d 497, 506 [146 Cal.Rptr. 614, 579 P.2d 505].) Second, it may be found in equitable considerations brought into play by contractual language not specifically dealing with indemnification or "by the equities of the particular case" (equitable indemnity). (*Id.,* at p. 507.)

■ The allegations in the complaint are to be liberally construed with a view to substantive justice between the parties. (*King* v. *Central Bank* (1977) 18 Cal.3d 840, 843 [135 Cal.Rptr. 771, 558 P.2d 857].) "Liberality in permitting amendment is the rule, not only where a complaint is defective as to form but also where it is deficient in substance, if a fair opportunity to correct the substantive defect has not been given." (*Greenberg* v. *Equitable Life Assur. Society* (1973) 34 Cal.App.3d 994, 998 [110 Cal.Rptr. 470].) ■ Unless the complaint shows on its face that it is incapable of amendment, denial of leave will constitute an abuse of discretion. (*King* v. *Mortimer* (1948) 83 Cal.App.2d 153, 158 [188 P.2d 502].)

■ "[I]t will be held an abuse of discretion to sustain without leave to amend a demurrer where the complaint is not fundamentally deficient in alleging facts showing a right to some relief which can properly be given, but is only defective with respect to the manner or form in which the facts warranting relief have been pleaded." (*Katz* v. *Driscoll* (1948) 86 Cal.App.2d 313, 316 [194 P.2d 822].) ■ On appeal the court is not concerned with a party's possible difficulty or inability in *proving* the allegations of the complaint (*Highlanders, Inc.* v. *Olsan* (1978) 77 Cal.App.3d 690, 697 [143 Cal.Rptr. 679]), but only that the party may be entitled to some relief. (*Alcorn* v. *Anbro Engineering Inc.* (1970) 2 Cal.3d 493, 496 [86 Cal.Rptr. 88, 468 P.2d 216].)

■ In arguing why the Postleys did not and could not state a cause for equitable indemnity, the Harveys cite two cases, unfortunately the later of which is 1968, and thus prior to a significant change in the law. We do not distinguish these cases, but instead point out that the Supreme Court's holding *in 1978* in *American Motorcycle Assn.* v. *Superior Court, supra,* 20 Cal.3d 578 allowing partial indemnity has liberalized the standards for pleading indemnity.

As applied to the allegations in the cross-complaint here, *American Motorcycle Assn.* requires only that the allegations be sufficient to suggest that the Harveys' negligence may be a concurrent cause of the Angels' injury. (*Id.,* at p. 607.) Since partial indemnity can now be implied from the *nature of the conduct* of the respective parties, as contrasted with contractual or implied contractual indemnity, the cross-complaint is not fatally defective in that regard. (Cheap, *Contribution and Indemnity Collide with Comparative Negligence—The New Doctrine of Equitable Indemnity* (1978) 18 Santa Clara L.Rev. 779, 782.)

■ It is now clear that a concurrent tortfeasor can be brought in on a cross-complaint for partial indemnity on a comparative fault basis even when such tortfeasor has not been named a defendant in the original com-

plaint. (*American Motorcycle Assn.* v. *Superior Court, supra,* 20 Cal.3d at pp. 605-607; *People* ex rel. *Dept. of Transportation* v. *Superior Court, supra,* 26 Cal.3d at p. 759; *Shepard & Morgan* v. *Lee & Daniel, Inc.* (1982) 31 Cal.3d 256, 260 [182 Cal.Rptr. 351, 643 P.2d 968].)

The facts as stated in the cross-complaint show *some* right to relief in indemnity. The allegations are sufficient to suggest that the Harveys' negligence may possibly have been a concurrent cause of the Angels' damages. Therefore, it was an abuse of discretion for the trial court to sustain the demurrer without leave to amend.

## CONCLUSION

Since the statute of limitations for a count sounding in equitable indemnity does not begin to run unless and until the Postleys suffer loss, which event has not yet occurred, it is not a bar to their cross-complaint against the Harveys.

Applying the standards for sustaining a demurrer without leave to amend discussed *ante,* the cross-complaint does not disclose on its fact that it is incapable of amendment to state a cause of action in indemnity.

## DISPOSITION

The judgment is reversed. Appellants to recover costs on appeal.

Lui, J., and Danielson, J., concurred.