[No. E025975. Fourth Dist., Div. Two. Apr. 20, 2000.]

FARMERS INSURANCE EXCHANGE, Petitioner, v.
THE SUPERIOR COURT OF SAN BERNARDINO COUNTY,
Respondent;
DUL HAN, Real Party in Interest.

COUNSEL

Chapin, Fleming, McNitt, Shea & Carter, Jeffrey J. Leist, Craig H. Bell and Howard Smith for Petitioner.

No appearance for Respondent.

Robert J. Filippi and Robert J. Filippi, Jr., for Real Party in Interest.

OPINION

RICHLI, J.—A tort cause of action for negligent spoliation of evidence cannot be maintained. We believe that this conclusion follows inexorably from two recent decisions from our Supreme Court: *Cedars-Sinai Medical Center v. Superior Court* (1998) 18 Cal.4th 1 [74 Cal.Rptr.2d 248, 954 P.2d 511] (*Cedars-Sinai*), holding that no tort cause of action lies for first party

intentional spoliation of evidence, and *Temple Community Hospital v. Superior Court* (1999) 20 Cal.4th 464 [84 Cal.Rptr.2d 852, 976 P.2d 223] (*Temple Community*), holding that no tort cause of action will lie against a third party for intentional spoliation of evidence.

We conclude, therefore, that the trial court should have granted defendant Farmers Insurance Exchange's motion for judgment on the pleadings on a cause of action in which plaintiff Han seeks to hold it liable for negligent spoliation of evidence. We will, therefore, grant the petition for writ of mandate.

I

### FACTUAL AND PROCEDURAL BACKGROUND

On October 9, 1996, Dul Han was injured in a single vehicle accident on Interstate 15 near Victorville. She was a passenger in the vehicle driven by her brother, Hai Han. Both were insured under a policy issued by Farmers Insurance Exchange (hereafter Farmers).

Han claims that the accident was caused by a defective tire. On the day of the accident, she alleges, Farmers was informed of its occurrence and of her assertion that it had been caused by a defective tire. Farmers took possession of the car and tire but thereafter "lost, destroyed and otherwise made said vehicle and the defective tire unavailable" to her. Han sued Farmers for breach of the covenant of good faith and fair dealing, intentional spoliation of evidence, and negligent interference with prospective business advantage. The latter cause of action is virtually identical to the intentional spoliation of evidence cause of action, differing only in the allegation that Farmers negligently, rather than intentionally, lost or destroyed the car and tire.[1]

Following the Supreme Court's decision in *Cedar-Sinai, supra,* 18 Cal.4th 1, Farmers moved for judgment on the pleadings on the ground that the rationale in *Cedars-Sinai* applied equally to claims against a third party for spoliation of evidence. The trial court denied the motion, noting that the policies articulated in *Cedars-Sinai* did not necessarily apply to third party spoliation lawsuits, and it was unsure what direction the Supreme Court would take as to those suits.

In March 1999, the trial court granted summary adjudication in favor of Farmers on the causes of action for breach of the covenant of good faith and

---

[1]Han also sued Michelin Tire Corporation, the manufacturer of the tire, for negligence and strict products liability, and the State of California for negligence and negligent spoliation of evidence on the ground that a California Highway Patrol officer took photographs of the accident scene and the tire, but that these photographs were lost or destroyed. Han voluntarily dismissed her causes of action against Michelin, and the state successfully moved for summary judgment.

for intentional spoliation of evidence. The ruling on the intentional spoliation claim was based on Han's failure to present any evidence of intentional destruction of the evidence. The court denied Farmers's motion with respect to the cause of action for negligent spoliation, stating that Han was entitled to proceed "under the theory that a voluntary undertaking with detrimental reliance took place."

In May 1999, the Supreme Court concluded in *Temple Community, supra,* 20 Cal.4th 464 that "no tort cause of action will lie for intentional third party spoliation of evidence." (*Id.* at p. 466.) It expressly noted that it was not deciding whether a tort cause of action will lie for negligent spoliation of evidence. (*Id.* at p. 471.)

Believing that the rationale in *Temple Community* clearly applied to negligent spoliation of evidence claims, Farmers moved for judgment on the pleadings as to the remaining cause of action. The trial court construed the motion as a request for reconsideration and denied it because "there were no new facts brought forward and that there had not been a change of law to warrant said motion" in light of the Supreme Court's express refusal to rule on the issue of the viability of negligent spoliation claims.[2] It also awarded sanctions to Han in the sum of $675.

## II

### DISCUSSION

The Supreme Court in *Cedar-Sinai, supra,* 18 Cal.4th 1, concluded that "no tort cause of action will lie against a party to litigation for the intentional destruction or suppression of evidence when the spoliation was or should have been discovered before the conclusion of the litigation." (*Temple Community, supra,* 20 Cal.4th 464, 466.) In *Temple Community,* the Supreme Court concluded that no tort cause of action will lie for intentional third party spoliation of evidence. In reaching this conclusion, the court explained that "many of the considerations that led us in *Cedars-Sinai* to decline to recognize a tort cause of action for spoliation apply with equal weight when the spoliation is committed by a third party. The doubtful benefit of the proposed tort remedy is outweighed by the prospect of a spiral of litigation giving rise to verdicts based upon speculation. In addition, it would be anomalous for a nonparty to be liable in damages, including punitive damages, for conduct that would not give rise to tort liability if committed by a party." (*Ibid.*)

---

[2]We do not criticize the trial court, because it was bound by prior appellate decisions recognizing the tort of negligent spoliation. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937]; *Cedars-Sinai, supra,* 18 Cal.4th 1, 6-7.) The Supreme Court has never expressly recognized such a cause of action, and, unlike the trial court, we are not bound by decisions of other Courts of Appeal on this issue.

■ Farmers' position is simply stated: If a party cannot be held liable for intentionally destroying or suppressing evidence that would be relevant to a lawsuit, surely the party cannot be held liable if it *negligently* commits these acts. We agree.

The policy considerations that led the Supreme Court to refuse to recognize tort causes of action for both first party and third party intentional spoliation apply with equal force when the loss or destruction of evidence was the result of negligence. First, any injury from spoliation is speculative, requiring a two-step process of assessing the merits of the legal claim to which the evidence related and then the importance of the evidence to that claim. "It seems likely that in a substantial proportion of spoliation cases the fact of harm will be irreducibly uncertain. In such cases, even if the jury infers from the act of spoliation that the spoliated evidence was somehow unfavorable to the spoliator, there will typically be no way of telling what precisely the evidence would have shown and how much it would have weighed in the spoliation victim's favor. Without knowing the content and weight of the spoliated evidence, it would be impossible for the jury to meaningfully assess what role the missing evidence would have played in the determination of the underlying action. The jury could only speculate as to what the nature of the spoliated evidence was and what effect it might have had on the outcome of the underlying litigation." (*Cedars-Sinai, supra,* 18 Cal.4th at pp. 13-14.)

Han contends that the Supreme Court's concern regarding the uncertainty of harm is not present here because Farmers has admitted that a defective tire caused the underlying accident and her injuries.[3] "Therefore, unlike the spoliation cases contemplated by Farmers, Dul Han's instant claim for

---

[3]Han asserts that Farmers made judicial admissions in its cross-complaint for indemnity against the tire manufacturer and its responses to interrogatories propounded by a cross-defendant, Hai Han. However, a defendant such as Farmers can maintain alternative theories of causation prior to trial in defending the main action and in seeking indemnity. Thus, it properly could defend Han's action by denying the existence of any defect in the tire, but reserve the option of seeking indemnity from third persons on the theory that they were responsible for the defect, if there was one. "[T]he *defendant* should not be forced to select one theory of defense at the risk of losing a right of indemnity from third persons." (*Shepard & Morgan v. Lee & Daniel, Inc.* (1982) 31 Cal.3d 256, 261 [182 Cal.Rptr. 351, 643 P.2d 968].) We note in this case that Farmers alleged in its cross-complaint that other factors in addition to a possible defective tire might have caused the accident, including negligent maintenance, use, or driving by the driver, Hai Han.

Neither can we conclude that Farmers' responses to interrogatories propounded by Hai Han constitute an admission that the tire was defective. Farmers simply answered that the "right rear tire to the 1991 Toyota Celica automobile suffered a tire tread separation and/or blow out . . . . [¶] Investigation and discovery are continuing, this responding party reserves the right to present additional evidence, including but not limited to the testimony of expert witnesses when same has been ascertained and/or disclosed." A blowout can occur in the absence of a

negligence does not involve any speculation whatsoever regarding the fact that [she] has incurred damage as a direct result of Farmers' negligence." This contention indicates that Han does not grasp the distinction between the uncertainty of the *fact* of harm, which was the Supreme Court's concern in *Cedars-Sinai* and *Temple Community*, and mere uncertainty as to the damages. (See *Cedars-Sinai, supra,* 18 Cal.4th at p. 14, fn. 3.) Assuming that a defect in the tire has been established, the effect that its loss might have had on the outcome of litigation against the tire manufacturer remains speculative. We presume that Han has some factual basis for believing that a defective tire caused the accident; she might have been able to convince a jury to reach the same conclusion even without producing the tire. For example, she might have been able to prove her case against the tire manufacturer from the circumstances of the accident, the testimony of witnesses who might have observed the tire's condition at the scene of the accident, and expert witnesses. The Supreme Court in *Cedars-Sinai* and *Temple Community* did not establish a sliding scale allowing spoliation cases where the proof of harm is somehow more easily established, but barring the "substantial proportion of spoliation cases [where] the fact of harm will be irreducibly uncertain." (*Cedars-Sinai, supra,* 18 Cal.4th at p. 13.) Instead, it held that no tort cause of action for intentional spoliation will lie, and the reason for this total bar is perfectly illustrated by Han's contention here. As proof of the nature of the spoliated evidence increases, then the effect of its loss on the outcome of the underlying litigation will correspondingly decrease. In sum, the fact of harm in such cases remains irreducibly uncertain.

The Supreme Court was also concerned with the costs that a tort remedy would impose on defendants and the courts. Trying a spoliation claim jointly with the underlying action would have a significant potential for jury confusion and inconsistency. Pursuing a spoliation action in a separate action would require a " 'retrial within a trial.' " (*Cedars-Sinai, supra,* 18 Cal.4th at p. 16.) Although Han has dismissed its claim against the tire manufacturer, proof adequate to show prospective economic loss would entail a very elaborate presentation, which is also very burdensome to the courts. (*Ibid.*) The concern that a tort remedy for spoliation of evidence will lead to a "spiral of litigation giving rise to verdicts based upon speculation" applies with equal force in cases where the third party negligently loses or destroys the evidence. (*Temple Community, supra,* 20 Cal.4th at p. 466.)

Han contends that she is not seeking to recover for negligent spoliation of evidence but for negligent interference with prospective economic advantage, apparently hoping to rely on the Supreme Court precedent in *J'Aire*

---

manufacturing defect. Moreover, Farmers expressly indicated it was not offering a definitive opinion as to the causes of the accident.

*Corp. v. Gregory* (1979) 24 Cal.3d 799 [157 Cal.Rptr. 407, 598 P.2d 60] recognizing the latter cause of action. Han conveniently ignores the fact that the "prospective economic advantage" to which she refers is the potential tort recovery against the tire manufacturer. In other words, she is seeking to hold Farmers liable for the destruction or suppression of evidence, which purportedly interferes with her ability to prevail in a lawsuit. In the parlance of the legal community, this tort is commonly referred to as a cause of action for negligent spoliation of evidence. (*Johnson v. United Services Automobile Assn.* (1998) 67 Cal.App.4th 626, 632-633 [79 Cal.Rptr.2d 234].) Although these causes of action are analogous and share a common heritage (*Ibid.*; *Velasco v. Commercial Bldg. Maintenance Co.* (1985) 169 Cal.App.3d 874 [215 Cal.Rptr. 504]), we do not believe that the traditional duty analysis as used in *J'Aire Corp. v. Gregory*[4] can be used to find a duty in third party negligent spoliation cases in light of *Cedars-Sinai* and *Templeton Community*.

*Cedars-Sinai* began its analysis of the issue "whether to create a tort remedy for intentional first party spoliation" by considering general principles of tort law. First, the court noted that " '[a] tort, whether intentional or negligent, involves a violation of a *legal duty*, imposed by statute, contract or otherwise, owed by the defendant to the person injured.' (5 Witkin, Summary of Cal. Law (9th ed. 1988) Torts, § 6, p. 61.) At issue here is whether to impose on parties to a lawsuit a duty to avoid the intentional destruction of evidence relevant to the lawsuit. As we have stated, the concept of duty ' "is a shorthand statement of a conclusion, rather than an aid to analysis in itself." ' (*Dillon v. Legg* (1968) 68 Cal.2d 728, 734 [69 Cal. Rptr. 72, 441 P.2d 912, 29 A.L.R.3d 1316].) It is ' "only an expression of the sum total of those considerations of policy which lead the law to say that the particular plaintiff is entitled to protection." ' (*Ibid.*) Thus, we must examine and weigh the relevant 'considerations of policy' that favor or oppose a tort remedy for intentional first party spoliation." (*Cedars-Sinai, supra,* 18 Cal.4th at p. 8.) The Supreme Court in *Cedars-Sinai* and *Temple Community* decided not to impose a duty in intentional spoliation cases after weighing the relevant policy considerations and concluding that "the benefits of recognizing a tort cause of action, in order to deter third party spoliation of evidence and compensate victims of such misconduct, are outweighed by the burden to litigants, witnesses, and the judicial system that would be imposed by

---

[4]*J'Aire* concluded that a negligence cause of action for interference with prospective economic advantage had been stated based upon its assessment of the following factors: "(1) the extent to which the transaction was intended to affect the plaintiff, (2) the foreseeability of harm to the plaintiff, (3) the degree of certainty that the plaintiff suffered injury, (4) the closeness of the connection between the defendant's conduct and the injury suffered, (5) the moral blame attached to the defendant's conduct and (6) the policy of preventing future harm." (*J'Aire Corp. v. Gregory, supra,* 24 Cal.3d 799, 804.)

potentially endless litigation over a speculative loss, and by the cost to society of promoting onerous record and evidence retention policies." (*Temple Community*, *supra*, 20 Cal.4th at p. 478, fn. omitted.) The same policy considerations are present here, and the fact that the tort is for negligent rather intentional spoliation carries no significant weight in the balancing process. Therefore, we decline to recognize a tort for negligent third party spoliation of evidence.

As noted above, the only distinction between Han's cause of action for intentional spoliation and negligent interference with prospective advantage are the allegations with respect to Farmers' intent. In the former cause of action, Han alleges that Farmers intentionally lost and/or destroyed the tire; in the negligence count she alleges that it negligently did so. *Temple Community* also considered the anomaly that would be created by allowing a nonparty to be liable for conduct that would not give rise to tort liability if committed by a party. Here, to hold a party liable for negligent conduct when the same party cannot be held liable if he acted intentionally would create an absurdity.

### III

### DISPOSITION

Let a peremptory writ of mandate issue directing the Superior Court of San Bernardino County to set aside its order denying Farmers' motion for judgment on the pleadings and to enter a new order granting this motion.[5]

Hollenhorst, Acting P. J., and McKinster, J., concurred.

A petition for a rehearing was denied May 16, 2000, and the petition of real party in interest for review by the Supreme Court was denied July 26, 2000. Werdegar, J., was of the opinion that the petition should be granted.

---

[5]Han requests leave to amend her complaint to plead a cause of action for negligent infliction of emotional distress. Because Han has no viable tort cause of action for negligent spoliation, there is no basis for recovery of emotional distress damages. "[N]egligently causing emotional distress is not an independent tort." (*Camenisch v. Superior Court* (1996) 44 Cal.App.4th 1689, 1693 [52 Cal.Rptr.2d 450].) Even if we had recognized such a tort, recovery for emotional distress damages is generally not allowed where the tortious conduct results in injury only to a plaintiff's economic interests. (*Erlich v. Menezes* (1999) 21 Cal.4th 543, 554-555 [87 Cal.Rptr.2d 886, 981 P.2d 978].)

Third parties may have a contractual duty to preserve evidence, but Han does not indicate that she is able to amend her pleading to state a breach of contract cause of action. (*Temple Community*, *supra*, 20 Cal.4th at p. 477.)